QUESTION: May a municipal governing body borrow money to pay the general operating expenses of the municipality?
SUMMARY: Subject to constitutional limitations, a municipality may borrow money for the purpose of financing any governmental undertaking approved by its governing body. Section 166.111, F.S., of the Municipal Home Rule Powers Act, provides as follows: The governing body of every municipality may borrow money, contract loans, and issue bonds as defined in s. 166.101 from time to time to finance the undertaking of any capital or other project for the purposes permitted by the state constitution and may pledge the funds, credit, property, and taxing power of the municipality for the payment of such debts and bonds. The term "project" is defined in s. 166.101, F.S., to mean "a governmental undertaking approved by the governing body. . . ." In answer to your inquiry, therefore, I am of the opinion that, subject to constitutional limitations discussed infra, a municipality is empowered by the aforequoted statutory provision to borrow money for the purpose of financing any governmental undertaking approved by the municipality's governing body. See also s. 166.021, F.S., providing that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law"; and 15 McQuillin Municipal Corporations s. 39.07, pp. 11-16. (Of course, existing special legislation should be examined to determine whether there are any restrictions applicable to a particular municipality's authority to borrow money.) As to constitutional limitations on the municipal power to borrow money, Art. VII, s. 10, State Const., inter alia, prohibits a municipality from using its credit for other than municipal purposes. See Brandes v. City of Deerfield Beach, 186 So.2d 6
(Fla. 1966); Betz v. Jacksonville Transp. Authority, 277 So.2d 769
(Fla. 1973). In addition, Art. VII, s. 12, State Const., inter alia, prohibits a municipality from pledging its ad valorem taxes for longer than 12 months without the approval of the municipal electorate. See Klein v. City of New Smyrna Beach, 152 So.2d 466
(Fla. 1973); Betz v. Jacksonville Transp. Authority, supra. Your question is answered in the affirmative.